UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL A. BRADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-CV-0282-CVE-PJC |
| | ) |
| **UBS FINANCIAL SERVICES, INC., and** | ) |
| **GREATER SOUTHWEST FUNDING** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court are the Combined Motions of Plaintiff for New Trial and to Reconsider (Dkt. # 32). On October 10, 2006, the Court granted defendants' motion to dismiss based on the statute of limitations. Dkt. # 31. That Opinion and Order was a final order terminating the case. Plaintiff now asks the Court to withdraw its Opinion and Order and to deny the motion to dismiss.

The Court notes that there was no trial in this case; thus, the Court need not address plaintiff's request for a new trial. Also, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's order dismissing his case, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).

The Tenth Circuit has stated that the grounds warranting the alteration or amendment of an adverse judgment include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. Here, plaintiff sets forth no new evidence that was previously unavailable to the Court. Nor does the plaintiff point to any intervening change in the controlling law. Plaintiff argues that the Court should withdraw its Opinion and Order (Dkt. # 31) and deny the motion to dismiss to prevent manifest injustice. However, plaintiff provides no adequate reason why that Opinion and Order was in error. He merely reiterates arguments already rejected by the Court. Additionally, plaintiff contends that the Court made a factual error concerning the attorneys involves in this case and the related Stephens action and Robertson action. In its Opinion and Order, the Court merely pointed out that plaintiff and other B Bondholders, represented by the same firm, have taken inconsistent positions in these actions; plaintiff has presented no evidence that this determination was in error. The Court adheres to its holding that plaintiff and the B Bondholders "cannot have it both ways." Dkt. # 31, at 9. Finally, plaintiff makes the unpersuasive argument that he never had notice of the acceleration and that notice is a prerequisite to the running of the statute of limitations. This argument is in clear contradiction with the fact that the Trustee's Notice of Acceleration was sent to all B Bondholders.

In its October 10, 2006 Opinion and Order, the Court concluded that the statute of limitations had run; therefore, plaintiff could not bring suit in this Court. See Dkt. # 31. The Court sees no reason why to alter that opinion. Thus, the Court denies plaintiff's motion to reconsider.

**IT IS THEREFORE ORDERED** that the Combined Motions of Plaintiff for New Trial and to Reconsider (Dkt. # 32) is **denied**.

**DATED** this 15th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT